IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SEOUL BROADCASTING SYSTEM INTERNATIONAL, INC., ET AL.

                Plaintiffs,

v.                                                                        Case # 1:09cv433

YOUNG MIN RO, ET AL.

                Defendants.

### TRIAL MEMORANDUM OF DEFENDANTS RO & DAEWOO VIDEO

Come Now the Defendants Ro and Daewoo Video, by counsel, and per this Court's request on June 13, 2011 file this trial memorandum.

#### Background

The Plaintiffs brought suit for, among other things, violation of U.S. copyright law. The Plaintiffs contend in Counts One and Three of their Amended Complaint that they are the legal or beneficial owners of certain copyrights related to Korean language videos. These videos consist largely of soap operas. Each of the Plaintiffs contends it had an oral contract with either Defendant Ro or Defendant Daewoo Video (owned by Mr. Ro) concerning the videos at issue. The Plaintiffs contend that the oral agreements ended in 2008 and that Ro and/or Daewoo continued to distribute videos in violation of the Plaintiffs' copyright through June/July of 2009.

1

This Court has found by Order dated April 8, 2011 and reaffirmed by Order dated May 17, 2011 that the Plaintiffs are entitled to judgment as a matter of law. At issue remains the amount of damages in this copyright case.

Issue

How should the Court render its decision on damages?

Answer

It is likely that the Plaintiffs will seek statutory damages pursuant to 17 U.S.C. § 504(c). In that regard, this Court should take heavily into account the amount of actual damages suffered by the Plaintiffs. That is, Mr. Ro and Daewoo stopped paying the Plaintiffs their fee for the use of their videos in 2008. This failure of payment occurred from 2008 until June or July of 2009 when the Defendant stopped distributing videos at the request of Plaintiffs' counsel. As such, the <u>approximate</u> actual damages are as follows:

    A. KBSA    $4,000 per month x 16 months    = $64,000

    B. MBC     $4,200 per month x 8 months     = $33,600

    C. SBSI     $4,200 per month x 8 months     = $33,600

The Due Process Clause of the U.S. Constitution has long been a source of limitation on all forms of damages awarded in judicial proceedings. Damages beyond those actually suffered by a plaintiff and awarded as a deterrent against similar unlawful acts in the future – exemplary damages – have been tightly limited by courts under the Due Process Clause. *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 42 (1992); *State Farm Mut. Ins. Co. v. Campbell*, 538 U.S.

408, 417 (2003).  Because these exemplary damages may become detached from the harm actually caused to the plaintiff by a defendant, these awards may fail to serve any legitimate purpose, and instead hold a "devastating potential for harm." *Campbell*, 538 U.S. at 417.  This due process protection is both substantive and procedural in nature. *See Id*.  Courts analyze three elements in relation to any award of exemplary damages to determine whether any such award is grossly excessive:

1) The degree of reprehensibility of the defendant's conduct;

2) The disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and

3) The difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in similar cases.

*Id*. at 418; *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436 (2001); *BMW of N. Am. v. Gore*, 517 U.S. 559, 575 (1996).  Though the Court has not yet awarded any damages in this case, it should consider the damages sought by the Plaintiffs in comparison to those authorized in similar cases.

   This analysis and scrutiny applies to the Copyright Act, just as it does to any federal law.  Every act of Congress, including the enactment of the Copyright Act, is subject to due process limitations on account of the Fifth Amendment's limits on Congress' power. *Nebbia v. N.Y.*, 291 U.S. 502, 510 (1934).  These statutory damages allow by the Copyright Act serve the same purpose as punitive damages awarded by a jury (to punish and deter unlawful conduct) and therefore

require the same level of constitutional scrutiny.  In determining the measure of statutory damages to be awarded, courts consider the following factors:

> expenses saved and profits gained by the defendants in connection with the infringements; revenues lost by plaintiffs as a result of defendants' conduct; and the infringer's state of mind, that is, whether willful, knowing, or merely innocent.  Moreover, the court should consider the purposes of the Copyright Act, including restitution to prevent unjust enrichment, reparation of injury, and deterrence of further wrongful conduct by the defendants and others.

*Walt Disney v. Video 47*, 972 F. Supp. 595, 603 (S.D. Fla. 1996) (citations omitted).  "Willful" refers to conduct that occurs with knowledge that the defendant's conduct constitutes copyright infringement.' . . . The determination of willfulness is a question of fact reserved for the jury." *Id*.  As explained in *Nintendo of Am. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993), even where willfulness has been established, this is not the end of the inquiry when evaluating the issue of statutory damages.

> In exercising its discretion, the court may consider several factors including the expenses saved and profits reaped by infringer, revenues lost by copyright holder as a result of infringement, and infringer's state of mind, whether willful, knowing or innocent. . .
>
> Although Plaintiff has suggested in its motion that the "Defendants saved substantial license revenue expenses and reaped enormous profits," Plaintiff has offered no evidence of the expenses saved by Defendants for licensing fees, etc.  Plaintiff has simply asked this Court for an arbitrary amount of $50,000 per infringement based upon the finding of willful conduct.
>
> The fact that the Defendants acted willfully and knowingly has been established by the evidence presented by Plaintiff.  Defendant Ketchum has pled guilty to criminal charges in North Carolina of knowingly and intentionally disseminating counterfeit cartridges.  Defendant Brinson, owner of Superior Video, has admitted his

4

> knowledge that Ketchum and Isom were selling and distributing counterfeit cartridges from his store. Thus the existence of culpable conduct is clear.
>
> Taking all of these factors into consideration, along with the purposes of the Copyright Act, this Court finds that the copyright holders are entitled to statutory damages in the amount of $2,000 for each of the twelve infringements, under 17 U.S.C. § 504(c)(2), for a total of $ 24,000.

See also, *Morley Music Co. v. Cafe Continental, Inc.*, 777 F. Supp. 1579, 1583 (S.D. Fla. 1991) (upon finding of willfulness and repeated infringement and defendants' avoidance of $2,582.91 in license fees, the court finds that statutory damages in the amount of $1,500 per infringement appropriate). A similar treatment of the matter can be seen in a case from the Southern District of New York, even in the face of a defendant's default. The case involved pirated pay-per-view broadcasts, but the court tempered statutory damages when considering the reality of the economic picture at bar.

> Some courts … have concluded that a defendant's default itself could be viewed as evidence of willfulness [or make similar inferences based on profit motive to infringe] . . .
>
> [But] the plaintiff has failed to offer credible evidence that an enhanced damages award in the exorbitant amount of $100,000, or something in that range, is necessary to accomplish the goals of the statute, i.e., the use of enhanced damages to alter the economic expectations of prospective violators. Regardless, even in the case of a default judgment, a plaintiff must do more than gesture at an inference to support its request for enhanced damages. *Garden City Boxing Club, Inc. v. Ayisah*, No. 02-CV-6673, 2004 U.S. Dist. LEXIS 7867, at *5 (S.D.N.Y. April 28, 2004) ("plaintiff must… substantiate a claim with evidence to prove the extent of damages").
>
> In addition, **the value of deterrence must be balanced against the inequity of imposing heavy financial burdens on small businesses**. The sting of an enhanced award should not be

5

> greater than deterrence requires and fairness allows. Thus, I award Joe Hand an additional $1,500 in enhanced damages from each defendant. This enhancement is not so large that it will spell financial ruin for the small businesses involved, especially if, as I suggest, Joe Hand allows installment payments over the course of a year or more, but it is large enough to raise the dollar amount of the penalty above the cost of obtaining a commercial license, and, for businesses of this size, should be a sufficient deterrent to avoid future violations.

*Joe Hand Promotions, Inc. v. Hernandez*, 2004 U.S. Dist. LEXIS 12159 (S.D.N.Y. June 30, 2004) (some citations omitted; emphasis added). In so ruling the court cited *Doehrer v. Caldwell*, 1980 U.S. Dist. LEXIS 10713 (N.D. Ill. 1980), which stated:

> A mechanical application of the statutory damage provision of the Copyright Act leads to absurd results. While Section 504's compensatory purpose should not be minimized, its deterrent provisions should not be converted into a windfall where, as a practical matter, the plaintiff has suffered only nominal damages. It is clear from the legislative history of the Copyright Revision Act of 1976 that Section 504 was designed, in part, "to provide the courts with reasonable latitude to adjust recovery to the circumstances of the case, thus avoiding some of the artificial or overly technical awards resulting from the language of the existing statute." S. Rep. No. 94-473, 94th Cong., 2d Sess., reprinted in CCH Copyright Revision Act of 1976 P2042 . . .
>
> Statutory damages are not to be regarded as penalties. The purpose of statutory damages is to permit a wronged plaintiff to recover where there is insufficient proof of actual damages or profits. Moreover, substantial damages should only be awarded for substantial injury.

The fact that statutory damages are not to be regarded as penalties, and that their purpose is to permit a wronged plaintiff to recover where there is insufficient proof of actual damages or profits, has been recognized as rising to the level of

due process limitations in other recent copyright cases. Under the theory that constitutional due process protections apply to statutory damages copyright infringement, courts have used the due process clause to limit the damages available in copyright infringement. For example, in *Sony BMG Music Entertainment v. Tenenbaum*, 721 F. Supp.2d 85, 117 (D. Mass. 2010) the Court held that $2,250 – three times the statutory minimum damages allowed in 17 U.S.C. § 504(c) – was the "outer limit" of damages that could constitutionally be imposed in such a case. This limitation was based on the evidence adduced at trial regarding the recording studio plaintiffs' actual damages from the defendant's file sharing. In sum, this Court should link any award of statutory damages to the actual damages suffered by the Plaintiffs.

## Conclusion

This Court should analyze the issue of damages in light of several factors, the primary one being actual damages.

                                      Young Min Ro  
                                      Daewoo Video, Inc.  
                                      By counsel

       /s/
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Ro & Daewoo
Law Offices of Jerome P. Aquino
5901 Kingstowne Village Parkway, #302
Alexandria, Virginia 22315-5883
(703) 549-1131
Fax 703-549-5750
jeromeaquino@vacoxmail.com

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 17th day of June, 2011, which will send a notification of such filing (NEF) to the following: Timothy R. Obitts, 8280 Greensboro Drive, 7th Floor, McLean, VA 22102 and Paul Vangellow, 6109A Arlington Boulevard, Falls Church, Virginia 22042.

       /s/
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Ro & Daewoo
Law Offices of Jerome P. Aquino
5901 Kingstowne Village Parkway, #302
Alexandria, Virginia 22315-5883
(703) 549-1131
Fax 703-549-5750
jeromeaquino@vacoxmail.com